**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

-----------------------------------------------------------------X

YEHUDA DEWICK ,                                    Civil Action No.:

                              Plaintiff,

              -against-                    **COMPLAINT FOR VIOLATIONS**
                                          **OF THE TELEPHONE**
                                          **CONSUMER PROTECTION AC ACT**

J.P. MORGAN CHASE & CO.,

                              Defendant(s).    **DEMAND FOR JURY TRIAL**

-----------------------------------------------------------------X

## INTRODUCTION/PRELIMINARY STATEMENT

Plaintiff YEHUDA DEWICK  by and through his attorney, M. Harvey Rephen &

Associates, P.C.,by Edward B. Geller, Esq., P.C., Of Counsel, as and for his  Complaint against

the Defendant J.P. MORGAN CHASE & CO., (hereinafter referred to as Defendant" respectfully

sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1.      Plaintiff brings this action on his own behalf for damages and declaratory and

injunctive relief arising from the Defendant's violation(s) under Title 47 of the United States Code,

§227 commonly known as the Telephone Consumer Protection Act (TCPA).

2.      Defendant is subject to, and required to abide by, the laws of the United States

and the State of New Jersey, which include the Telephone Consumer Protection Act of 1991, 47

U.S.C. §227, et seq. ("TCPA") and its related regulations, including 47 C.F.R. §64.1200 ("TCPA

Regulations"), as well as the opinions, regulations and orders issued by the Federal

Communications Commission to implement and enforce the TCPA, the telemarketing regulations issued by the Federal Trade Commission, 16 C.F.R. §310.4(d)(2).

## PARTIES

3.     Plaintiff YEHUDA DEWICK  is a resident of the State of NEW  JERSEY residing at 17 FORD AVENUE, LAKEWOOD, NJ 08701 .

4.     Defendant CHASE BANK   has a Corporate Headquarters located at 270 PARK AVENUE NEW YORK, NY 10017.

## JURISDICTION AND VENUE

5.     The Court has jurisdiction over this matter pursuant to 28 USC §1331 and 28 U.S.C. §2201.  If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

6.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

7.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "6" herein with the same force and effect as if the same were set forth at length herein.

8.     On or about May of 2018 , Defendant began communicating with the Plaintiff by placing autodialed telephone calls to the Plaintiff's cell phone number 848-525-9569 and leaving automated messages.  The Defendant would call from numbers 847-426-9138,847-426-8085,402-220-4351,407-732-2416, 210-520-0146 and 210-520-6400.

9.     On May 10, 2018, in response to these telephone calls the Plaintiff called the Defendant and was connected with a female representative. The Plaintiff gave the representative his name and password.

10.     The Plaintiff explained that he had been receiving phone calls to his cell phone and would like for them to stop. He then inquired about several issues with his credit card statement.

11.     The representative gave the Plaintiff the information he needed and answered his questions.

12.     The call was then concluded.

13.     Since the conclusion of the call with the Defendant and the requests to have the phone calls stop the Plaintiff has received at least 200 calls to his cell phone from the Defendant. The calls continued to come in at a rate of 5 calls every other day.

## FIRST CAUSE OF ACTION
### *(Violations of the TCPA)*

14.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "13" herein with the same force and effect as if the same were set forth at length herein.

15.     According to the Telephone Consumer Protection Act 47 USC §227(b)(A)(iii), "It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States (A) to make any call (other than a call made for emergency purposes or made with the prior consent of the called party) using any automatic telephone dialing system or an artificial or pre-recorded voice--- (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call us made solely to collect a debt owed to or guaranteed by the United States."

16.     It has been determined that the statute language adding "or" any service for which the called party is charged, is not accurately interpreted to require that Plaintiff must claim that Defendant's calls incurred charges.  See *Breslow c. Wells Fargo Bank, N.A.* 857 F. Supp 2d 1316, 1319 (S.D. Fla. 2012) *Cavero v. Franklin Collection Serv., Inc.*, 2012 WL 279448 (S.D. Fla. 2012). A number of Courts have addressed the issue of a Plaintiff being charged with all agreeing that the TCPA does not require a Plaintiff who received calls on his/her *cell phone* to allege that he/she was charged for the call. For example,  in *Manno v.Healthcare Revenue Recovery Grp., LLC*, 289 F.R.D. 674 (S.D. Fla. 2013), the Court held that "The TCPA does not require the plaintiff to be `charged for' the calls in order to have standing to sue." In *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014), the Court stated: If the phrase `any service for which the called party is charged for the call' requires that the party be charged per call for the `paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service' in order for the party to prohibit autodialed calls, then the listing of these services would be superfluous because they are already included under them `any service for which the called party is charged.' On the other hand, reading `any service for which the called party is charged for the call' as an additional item beyond any call to a `paging service, cellular telephone service, specialized mobile radio service, or other common carrier service,' regardless of whether the called party is charged, gives independent meaning to each term."

17.     It is thus clear from the plain language of the TCPA, and its considerable body of resultant case law that the TCPA is violated when a cellular telephone is called with an automatic dialer without consent, even if no charges are alleged or incurred.

18.     With the autodialed calls to Plaintiff's telephone commencing on or about May 2018  and continuing at a rate of approximately 200 times thereafter, the Defendant violated various provisions of the TCPA, including but not limited to 47 USC §227(b)(A)(iii).

19.     The Defendant, having been informed that Plaintiff requested that no further calls be received, willfully violated the TCPA at least 200 times.

20.     Pursuant to the TCPA Omnibus Declaratory Ruling and Order, July 2015, paragraphs 138 and 139, communications from banking institutions which are exempt "…are all intended to address exigent circumstances in which a quick, timely communication with a consumer could prevent considerable consumer harms from occurring or, in the case of the remediation calls, could help quickly mitigate the extent of harm that will occur."  Pursuant to Paragraph 139, (3) and (7) "In light of these considerations, we adopt the following conditions for each exempted call (voice call or text message) made by a financial institution:

3) voice calls and text messages are strictly limited to purposes discussed in paras. 129-137 above and must not include any telemarketing, cross-marketing, solicitation, debt collection, or advertising content;

7) a financial institution must honor opt-out requests immediately."

21.     Defendant is in violation of the TCPA paragraphs 139 (3) for, upon information and belief, having used its calls for debt collection and (7), failing to honor Plaintiff's desire to opt out of telephone communications despite Plaintiff's clear, unequivocal and repeated requests that such automatic calls cease.

22.     Defendant violated various provisions of the TCPA, including but not limited to 47 USC §227(b)(A)(iii).

## DEMAND FOR TRIAL BY JURY

23.     Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendant as follows:

A.     For trebled damages to be awarded to the Plaintiff in accordance with the TCPA, for each of the Defendant's willful or knowing violations of the TCPA.

B.     A declaration that the Defendant's practices violated the TCPA;

C.     For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

 Dated: October 22, 2018

Respectfully submitted,

_____
Edward B. Geller, Esq.
Edward B. Geller, Esq., P.C., Of Counsel to
M. HARVEY REPHEN & ASSOCIATES, P.C.
15 Landing Way
Bronx, New York  10464
Tel:(914)473-6783

*Attorney for the Plaintiffs',*
YEHUDA DEWICK

TO: CHASE BANK
        270 PARK AVENUE
        NEW YORK, NY 10017


        *(Via Prescribed Service)*

        Clerk of the Court,
        United States District Court, District of New Jersey
        Clarkson S Fisher Building & U.S. Courthouse
        402 East State Street Room 2020
        Trenton, New Jersey 08608


        *(Via Electronic Court Filing)*

## AFFIRMATION

I, Yehuda Dewick, under the penalty of perjury, deposes and say:

I am the Plaintiff in the above entitled action.  I have read the foregoing Complaint and know the contents thereof.  The same are true to my knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters I believe them to be true.

_____

Yehuda Dewick

_____Yehuda Dewick_____ [Printed]

Plaintiff

Affirmed  before me this 23 day of  October  2018

_____

Notary Public

ZIESEL KLINGER
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires Feb. 27, 2022